### SALZER v. UNITED STATES et al. (two cases).

(District Court, S. D. New York.    September 13, 1922.)

**I. Courts ⬳518—Action on war risk policy not covered by Tucker Act.**

An action on a war risk insurance policy is not covered by the Tucker Act; exclusive jurisdiction having been conferred on federal District Courts by War Risk Insurance Act May 20, 1918, c. 77, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk).

**2. Army and navy ⬳51½, New, vol. 12A Key-No. Series—Beneficiary of war risk insurance policy has no vested interest in insurance.**

Beneficiary of war risk insurance policy has no vested interest in the insurance; hence the estate of or those claiming under beneficiary acquire no interest in installments falling due after beneficiary's death.

**3. Army and navy ⬳51½, New, vol. 12A Key-No. Series—On beneficiary's death, installments of war risk policy not payable to one not entitled to insured's personalty on intestacy.**

On death of beneficiary of a war risk insurance policy, subsequent installments are not payable to any one who, under the laws of the state of insured's residence, would not be entitled to his personal property on intestacy, except as provided by War Risk Insurance Act, as amended by Act Dec. 24, 1919, § 15 (Comp. St. Ann. Supp. 1923, § 514vv[1]).

At Law. Separate actions by Delia Salzer individually and by Delia Salzer as administratrix of the goods, chattels, and credits of Sebastian

Salzer, deceased, against the United States, the Treasury Department, and the Bureau of War Risk Insurance. Judgments for defendant.

Judgment affirmed 300 Fed. 767.

The insured, a resident of New York, made application in the usual form under the War Risk Insurance Act (40 Stat. 398) on November 15, 1917, naming his then fiancée, who a few weeks thereafter became his wife, as the beneficiary. The usual certificate was issued to him, dated the date of the application. The insured died October 16, 1918. His wife died the following day. Each died intestate. The insured left neither father, mother, brother, sister, grandparent, nor descendant surviving him. His wife left, surviving her, her father, mother, and sister. Mrs. Ryan's father died August 31, 1919, leaving him surviving his widow, Mrs. Ryan's mother, the plaintiff, Delia Salzer, who was appointed administratrix of her husband's estate. As such administratrix she sues for the installments of insurance falling due between October 17, 1918, and August 31, 1919. The second action in her own name is for the installments falling due since the death of her husband, August 31, 1919. All the parties were citizens and residents of the state of New York. The case is submitted on a stipulation of the foregoing facts and a waiver of jury.

James A. Beha, of New York City, for plaintiff.

William Hayward, U. S. Atty., of New York City (John M. Ryan, Sp. Asst. U. S. Atty., of New York City, and E. H. Horton, Associate Counsel Veterans' Bureau, of Washington, D. C., of counsel), for defendants.

MACK, Circuit Judge (after stating the facts as above). [1] 1. This case is not covered by the Tucker Act (24 Stat. 505); exclusive jurisdiction having been conferred upon this court under section 1 of the War Risk Insurance Act of May 20, 1918, c. 77 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk). U. S. v. Pfitsch (June 1, 1921) 256 U. S. 547, 41 Sup. Ct. 569, 65 L. Ed. 1084.

2. The question raised by these cases is to whom, under the statute, regulations, application, and certificate, relevant sections of which are noted in the margin,[1] the monthly installments of the original uncon-

---

[1] War Risk Insurance Act Oct. 6, 1917, c. 105:

"Sec. 13. That the director, subject to the general direction of the Secretary of the Treasury, shall * * * have full power and authority to make rules and regulations, not inconsistent with the provisions of this act, necessary or appropriate to carry out its purposes."

"Sec. 22. The term 'parent' includes a father, mother, * * * either of the person in the service or of the spouse."

"Sec. 402. The insurance * * * shall be payable only to a spouse, child, grandchild, parent, brother or sister * * * or to any or all of them. The insurance shall be payable in two hundred and forty equal monthly installments. * * * Subject to regulations, the insured shall at all times have the right to change the beneficiary * * * without the consent of such beneficiary * * * but only within the classes herein provided. If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the state of the residence of the insured, be entitled to his personal property in case of intestacy."

Regulations of War Risk Insurance Bureau, Bulletin 1, issued October 15, 1917, p. 4:

"If no beneficiary within the permitted class be designated by the insured, either in the insured's lifetime or by his last will and testament, or if any

verted war risk term insurance falling due after the death of the named beneficiary or beneficiaries designated by the insured are payable. In other words, who is such person or persons within the permitted class of beneficiaries as would, under the laws of New York, be entitled to the insured's personal property in case of intestacy?

[2] For the reasons stated by Judge Witmer in Cassarello v. United States (D. C.) 271 Fed. 486, affirmed (C. C. A.) 279 Fed. 396, the named beneficiary has no vested interest in the insurance, and the estate of, or those claiming under, the named beneficiary thereby acquire no interest in the installments falling due after the beneficiary's death.

It happens, however, in the instant case, that the named beneficiary is also the identical person to whom the insurance would have been payable if no beneficiary had been named. It may be conceded that naming the wife as beneficiary does not lessen any interest that her estate would have in the installments accruing after her death, had some one else been named as beneficiary, or had no beneficiary been designated. The real question is: Does the person who at the death of the insured would take his personal property in case of intestacy acquire a vested interest in all subsequent installments, even though a designated beneficiary acquires no such vested interest?

It seems clear to me that this is not the proper construction of the act. Prior to the amendment of December 24, 1919 (41 Stat. 371), the insurance was payable *only* to certain classes. If in this case the wife, as the person entitled to her husband's estate on intestacy, took at his death a vested interest in the installments payable after her own death, then the installments might go to persons not within the designated classes. Plaintiff endeavors to avoid this conclusion by admitting that only such representatives of the wife as would come within the permitted class of beneficiaries could take. There is, however, in my judgment, nothing in the act prior to the amendment of December 24, 1919, which justifies such construction. The person entitled to the insurance, whether on the death or in the absence of a named beneficiary, must trace his claim directly from the insured.

above designated beneficiaries is or becomes disqualified or does not survive the insured, the insurance (or if any above designated beneficiary shall survive the insured, but shall not receive all the installments, then the remaining installments) shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the insured's place of residence be entitled to his personal property in case of intestacy."

Ryan's application for insurance:

"In case any beneficiary die or become disqualified after becoming entitled to an installment but before receiving all installments, the remaining installments are to be paid to such person or persons within the permitted class of beneficiaries as may be designated in my last will and testament, or in the absence of such will as would, under the laws of my place of residence, be entitled to my personal property in case of intestacy."

The certificate recites:

"This insurance is granted under the authority of an act * * * approved October 6, 1917, and subject in all respects to the provisions of such act, of any amendments thereto and of all regulations thereunder now in force or hereafter adopted, all of which, together with the application for this insurance and the terms and conditions published under authority of the act, shall constitute the contract."

[3] It is unnecessary in this case to determine whether the installments falling due after the death of a named beneficiary become payable to the person then living and within the permitted class who, at the time of the actual death of the insured would have been entitled to his personal property on intestacy, or to the person then living who would have been so entitled if the insured had died at the time of the later death of the named beneficiary. All that it is necessary to determine here is that, on the death of the named beneficiary, subsequent installments are not payable to any one who, under the laws of the state of the insured's residence, would not be entitled to his personal property on intestacy, except only as provided by section 15 of the amendment of December 24, 1919 (Comp. St. Ann. Supp. 1923, § 514vv[1]), not here applicable.

Judgment in each case for the defendant.