In the Matter of the Estate of WILLIAM T. RYAN, Deceased.

Surrogate's Court, New York County, March 25, 1927.

Insurance — war risk insurance — administratrix of deceased widow of decedent entitled to proceeds of insurance paid under World War Veterans Act, as amended March 4, 1925, " to the estate of the insured."

The proceeds of a war risk insurance policy paid by the government under the amendment of March 4, 1925, to the War Risk Insurance Act " to the estate of the insured " and the persons entitled to share in it, must be paid to the administratrix of the deceased widow of the insured, on the ground that the widow was the sole distributee of his estate.

The words " estate of the insured " as used in the Federal statute mean that the fund is to be treated as any other asset of the estate and paid over to the persons entitled thereto under the Decedent Estate Law (§ 98 *et seq.*).

ACCOUNTING proceeding involving distribution of proceeds of decedent's war risk insurance.

*James A. Beha,* for the petitioner, the administratrix.

*Oswald M. Murphy,* for Mary Temple, Charles Temple and Jeremiah Ryan.

*Joseph T. Magee,* for National Surety Company.

FOLEY, S. In this accounting proceeding a question arises as to the distribution of the sum of $9,963 received by the estate from the United States government as the proceeds of the decedent's

war risk insurance. That sum is claimed on the one hand by the administratrix of Rose M. Ryan, the deceased widow of the decedent, on the ground that the widow was the sole distributee of his estate. On the other hand the uncles and aunts of the decedent claim to be entitled to payment under the provisions of the World War Insurance Act of 1917 and the amendments thereto. They assert that the provisions of these statutes permit payment only to the relatives of the deceased soldier as defined by Congress. I hold that the fund must be paid to the estate of the widow. The sum was paid by the government under the amendment of March 4, 1925, to " the estate of the insured " and the persons entitled to share in it must be determined by our Statute of Distribution (Decedent Estate Law, § 98 et seq., as amd.) as of the time of decedent's death. The payment to the estate was made by the government without any condition or limitation whatsoever. The language of the Federal statute (43 U. S. Stat. at Large, 1310; Barnes Fed. Code [1926 Suppl.] § 10438), is so clear and simple that no interpretation could be adopted other than the words " estate of the insured " mean that the fund is to be treated as any other asset of an estate and paid over to the persons entitled under the New York law of intestacy. The contention of the uncles and aunts of the decedent that distribution must be made under the War Risk Act (or as it has been known since 1924, the World War Veterans Act) finds no support in that statute. When the act was originally passed in 1917 Congress reserved the right to subject the contract of insurance to all future amendments, and it was held in *White* v. *United States* (299 Fed. 855) that retroactive legislation as to such insurance was valid even to the extent of taking away rights previously vested. So in this case we are not concerned with the power of Congress to change the class of persons to whom the insurance might be paid on any theory that a previous statute may have prohibited it. In this estate the payment of the fund was made by the War Risk Bureau under the authority of the amendment of March 4, 1925 (43 U. S. Stat. at Large, 1310; Barnes Fed. Code [1926 Suppl.], § 10438), which provided that if the designated beneficiary " survives the insured and dies prior to receiving all the two hundred and forty installments * * * there shall be paid *to the estate of the insured* the present value of the monthly payments thereafter payable * * *." That amendment repealed the previous provision of law which directed payment to the next of kin of the insured but limited the permitted class of beneficiaries to certain named relatives. The act of 1925 moreover entirely nullified the effect of the decision in *Salzer* v. *United States* (300 Fed. 764; affd., Id. 767, decided May 7, 1924) where the very

fund in dispute here was involved.    That case held that the administratrix of the widow of the insured had no status to enforce collection of the proceeds of the policy because there was no vested right in the beneficiary to the entire proceeds of the insurance and the statute then in effect did not permit payments to strangers in kin to the insured.    In other words, the estate or next of kin of the deceased wife could not take because the persons entitled to the insurance must trace their claim "directly from the insured." It appears that an appeal was taken by the administratrix to the United States Supreme Court from the decision of the Circuit Court of Appeals, but the litigation was settled by the Federal authorities and payment made to the estate after the enactment of the amendment of 1925 and pursuant to the authority granted by it.

The question of direct payment to any individual beneficiary rested solely with the government and any dispute with regard thereto was one for adjudication by the Federal courts.    The government has elected to ignore the individual beneficiary and has paid "to the estate."    The local statutes, therefore, of New York necessarily control the distribution of the estate.    Nor is it the function or within the power of the surrogate to arbitrarily change the class of next of kin from those living at the date of death of decedent or to destroy the rights of the widow or of her estate which accrued at the death of the insured.    There is no indication in the statute that any other date but the death of the deceased shall fix the class of distributees.

Finally I am unable to agree with the conclusion of the learned surrogate in *Matter of Storum* (128 Misc. 168)* in his determination that the provisions of the World War Veterans Act and the *Salzer Case* (*supra*), require distribution to persons only within the permitted class and not to the legal next of kin of the insured. I have shown that the *Salzer* case was decided on May 7, 1924, before the amendment of March 4, 1925.    The statute of 1919 in effect at the time of the *Salzer* decision provided that the payment should be made to such persons within the permitted class of beneficiaries as would under the laws of the State of residence be entitled to his personal property in case of intestacy.    The *Storum* opinion, however, overlooked the fact that this statutory provision was repealed by the 1925 amendment which expressly directed payment to the estate generally without limitation as to the ultimate beneficiaries.

Submit decree on notice settling the account and directing distribution of the proceeds of the insurance to the estate of the widow as the sole distributee of the decedent.

---

* Revd., 220 App. Div. 472.— [Rep.