In the Matter of the Judicial Settlement of the Account of MARSHALL S. STORUM, as Administrator, etc., of ROLLIN S. STORUM, Deceased, Appellant, Respondent.

HATTIE R. TILLNER, as Administratrix, etc., of BESSIE STORUM, Deceased, Respondent, Appellant.

Fourth Department, May 4, 1927.

Insurance — war risk insurance — soldier died without issue October 16, 1918, while in service — his wife, beneficiary, received monthly payments until her death March 7, 1925 — policy was subject to provisions of statutes and amendments — beneficiary had no vested interest in amount unpaid at her death — World War Veterans' Act of 1924, § 303, was amended March 4, 1925, by eliminating all reference to surviving persons of permitted class and making unpaid installments in case of death of beneficiary payable to estate of insured soldier — said amendment, made effective October 6, 1917, applies to this case — fund unpaid at death of beneficiary went into estate of soldier and is distributable under Decedent Estate Law, § 98, to those entitled as of date of his death — surrogate had no authority to allow costs to contestant under Surrogate's Court Act, § 278.

The decedent, a soldier in the World War, obtained war risk insurance naming his wife as beneficiary. He died October 16, 1918, without issue, while still in the military service and monthly payments were made to his wife, the beneficiary, until her death on March 7, 1925. The wife left her surviving her mother as her sole next of kin, and the insured left surviving his wife and his father and mother. On the death of the beneficiary, the father and mother of the insured were living. The beneficiary in the certificate, the wife of the insured, had no vested interest in the insurance upon the death of her husband.

The certificate of insurance was specifically made subject to the War Risk Insurance Act and the amendments thereof. On March 4, 1925, section 303 of the World War Veterans' Act of 1924 was amended by eliminating all reference to surviving persons of a permitted class and by making the unpaid installments in the case of the death of the beneficiary payable to the estate of the insured soldier. This amendment was made effective as of October 6, 1917. The amendments were valid and effective against the beneficiary and her next of kin.

Since the beneficiary had no vested interest in the insurance upon the death of her husband, the amount remaining unpaid upon her death fell into his estate as of the date of his death and is distributable to those entitled to take under section 98 of the Decedent Estate Law of this State.

The fund must be distributed one-half to the father of the decedent soldier and one-half to the mother of the wife of the deceased soldier.

The surrogate was without authority to allow costs to the contestant under section 278 of the Surrogate's Court Act.

CROSS-APPEALS by Hattie R. Tillner and Marshall S. Storum from a decree of the Surrogate's Court of the county of Cattaraugus, entered in the office of said Surrogate's Court on the 12th day of November, 1926, providing for the payment to Marshall S. Storum and Josephine Storum of the proceeds of a war risk insurance certificate issued to Rollin S. Storum, deceased.

*Herman Lavery*, for administrator, etc., also appearing for Marshall Storum and Josephine Storum.

*Ernest F. Kruse*, for Hattie R. Tillner, as administratrix, etc., of Bessie Storum, deceased.

HUBBS, P. J. Rollin S. Storum was a soldier in the World War. On August 14, 1918, he obtained a war risk insurance certificate for $10,000, known as yearly renewable term insurance. His wife, Bessie Storum, was named as beneficiary in the certificate. He died on October 16, 1918, while in the military service of the United States government. His wife, the beneficiary, died on March 7, 1925. After the soldier's death the government paid to her monthly installments of insurance of $57.50 each month. At her death on March 7, 1925, there remained unpaid on the certificate 163 monthly installments of the present value of $7,498, as fixed by the government. That sum was paid by the government to Marshall Storum, as administrator of the estate of the deceased soldier. The soldier and his widow died without issue. He left surviving his widow, Bessie Storum, his father, Marshall Storum, and his mother, Josephine Storum.

The question for our determination is, who is entitled to the insurance money now in the possession of the administrator of the deceased soldier's estate?

At the death of the soldier's widow, the beneficiary named in the certificate, she left surviving as her only next of kin her mother, Hattie R. Tillner, who is the administratrix of her estate and who claims the fund upon the ground that the soldier's widow and beneficiary in the certificate had a vested interest in said insurance fund which is distributable to her as the beneficiary's sole next of kin, or, if such contention is not sustained, then one-half thereof upon the ground that the soldier's widow had a vested interest in

said fund under subdivision 2 of section 98 of the Decedent Estate Law, which is distributable to her as sole next of kin of the deceased widow of the soldier.

The father and mother of the deceased soldier claim the entire fund as sole next of kin of the deceased soldier.

Hattie R. Tillner, the mother of the soldier's widow, contends that the question of who are the next of kin of the deceased soldier should be determined as of the date of the soldier's death, and the father and mother of the deceased soldier urge that the next of kin should be determined as of the date of death of the widow and beneficiary named in the certificate.

The Congress, on October 6, 1917 (40 U. S. Stat. at Large, 409, chap. 105), in order to give to soldiers and sailors " greater protection for themselves and their dependents " provided for issuing insurance upon their lives. The act specified the beneficiaries to whom the insurance could be payable in the event of death. On December 24, 1919 (41 U. S. Stat. at Large, 371, chap. 16), the War Risk Insurance Act of October 6, 1917, was amended by enlarging the class who could be beneficiaries under the insurance certificates. Various other amendments were enacted by Congress. Questions arose in regard to the effect of such amendments upon the certificates and the rights of beneficiaries thereunder.

Upon the application signed by the soldier for such insurance appeared the statement: " Subject in all respects to the provisions of such Act [of 1917], of any amendments thereto, and of all regulations thereunder, now in force or hereafter adopted, all of which, together with the application for this insurance, and the terms and conditions published under authority of the Act, shall constitute the contract."

The question arose as to whether a beneficiary under a certificate had a vested interest therein and in its proceeds after the death of the insured soldier, which could not be affected by amendments to the act, and the courts uniformly held that the beneficiary did not have a vested interest.

It was conceded that a beneficiary under an ordinary life insurance policy, upon the death of the assured, had a vested interest. It was held, however, that a war risk certificate was not an ordinary commercial life insurance policy, but was a right to receive the installments for the time being, subject to the power vested in Congress to amend and extend the act. The right of the beneficiary to receive the payment of installments is in the nature of both a pension and an insurance. (*Casarello* v. *United States*, 271 Fed. 486; affd., 279 id. 396; *Horst* v. *United States*, 283 id. 600; affd.,

*sub nom. Helmholz* v. *Horst,* 294 id. 417; *United States* v. *Napoleon,* 296 id. 811; *Gilman Heirs* v. *United States,* 290 id. 614; *Salzer* v. *United States,* 300 id. 764; affd., Id. 767; *Peart* v. *Chaze,* 13 F. [2d] 908.)

The case of *White* v. *United States* (299 Fed. 855) was affirmed by the United States Supreme Court in 270 United States, 175, and that court definitely decided that a beneficiary under a war risk certificate did not have a vested interest in unpaid installments, but the interest of the beneficiary was subject to the authority of Congress to amend and change the act. The following cases decided since are to the same effect. (*Battaglia* v. *Battaglia,* —— Tex. Civ. App. ——; 290 S. W. 296; *Perrydore* v. *Hester,* —— Ala. ——; 110 So. 403; *Matter of Pivonka,* —— Iowa, ——; 211 N. W. 246. See, also, 3 Wis. Law Rev. 500.)

After the death of the insured soldier in the case at bar, the Congress, by section 303 of the World War Veterans' Act, 1924 (43 U. S. Stat. at Large, 625, chap. 320), approved June 7, 1924, provided that if, before the completion of payment of all installments, the beneficiary should die and there be no surviving persons within the permitted class of beneficiaries, then there should be paid to the estate of the insured the present value of monthly installments. It will be noted that the act still retained the provision relating to the permitted class of beneficiaries. That provision proved to be unworkable and thereafter the Congress, on March 4, 1925 (43 U. S. Stat. at Large, 1310, chap. 553), amended section 303 by eliminating all reference to surviving persons of a permitted class and made the unpaid installments, in case of the death of a beneficiary, payable to the estate of the insured soldier. In said amendment it was provided that the amendment should be deemed to be in effect as of October 6, 1917.

Under the decisions hereinbefore referred to, the beneficiary, Bessie Storum, the soldier's widow, did not have a vested interest in the proceeds of the certificate. The amendments of the act were valid and effective against her and her next of kin, and her mother, as her sole next of kin, is not entitled to take all of said fund under the Decedent Estate Law of this State.

The fund now in the possession of the administrator, paid to him by the government under the amendment of March 4, 1925, is to be distributed as unbequeathed personal property to the next of kin under the Decedent Estate Law of this State.

The case of *Salzer* v. *United States* (*supra*) is relied upon by the administrator as sustaining the decision of the surrogate herein, to the effect that the father and mother of the decedent are entitled to the whole fund as the next of kin of the deceased soldier, in

existence at the time of the death of the soldier's widow, the beneficiary named in the policy. In that case it was said that the proceeds of the policy upon the death of the beneficiary could only be paid to a person who could " trace his claim directly from the insured." That case was decided prior to the amendment of March 4, 1925, which abolished the provision of the act requiring the fund to be distributed to the next of kin of the insured but limited the right to take to certain named relatives. The amendment of March 4, 1925, had the effect of nullifying the decision in the *Salzer* case from the time the amendment took effect.

Under the said amendment the fund is payable to the estate of the insured. The distribution of the insured's estate is left to the Decedent Estate Law of the State. Nowhere in the act as amended is it provided that the distributees shall be determined as of the date of the death of the beneficiary named in the insurance certificate. Generally there can be no question but what a fund that comes into the estate of a decedent after his death should be added to the estate left by the decedent and distributed according to section 98 of the Decedent Estate Law.

The next of kin of a person within the meaning of said section 98 are those persons who were decedent's next of kin at the time of his death. (*Clark* v. *Cammann,* 160 N. Y. 315; *Doane* v. *Mercantile Trust Co.,* Id. 494.)

The estate of a deceased person comes into existence immediately upon the death of the deceased person, and his next of kin entitled to take his estate as distributees are those who are his next of kin at the time of his death.

In other jurisdictions it has been determined that the distribution of a war insurance fund paid to the estate of a deceased soldier after the death of a beneficiary named in the certificate under the amendment of March 4, 1925, is payable to those who were entitled to take at the date of the death of the deceased soldier. (*Battaglia* v. *Battaglia, supra; Perrydore* v. *Hester, supra; Matter of Pivonka, supra; Matter of Deeble* v. *Tepper,* —— Md. ——; 136 Atl. 536.)

Our conclusion is that under section 98 of the Decedent Estate Law as it read in 1918 the father of the deceased soldier is entitled to take one-half of the fund as next of kin of the deceased soldier and that Hattie R. Tillner, the mother and sole next of kin of Bessie Storum, the wife of the deceased soldier, is entitled to take the other half.

The surrogate was without authority to allow costs to the contestant under section 278 of the Surrogate's Court Act. (*Matter of Hogarty,* 62 App. Div. 79.)

The decree of the Surrogate's Court should be reversed upon

the law and the matter remitted to that court to enter a decree in accordance with this opinion.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Decree reversed on the law and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion, without costs of this appeal to either party.