In the Matter of the Estate of CLAUDE S. TIFFANY, Deceased.

Surrogate's Court, Delaware County, July 31, 1930.

*Elmer Baker*, for Ila Reyen, individually and as accounting surviving executrix.

*Ives & Craft* [*Arthur F. Bouton* of counsel], for Elsie Tiffany.

*Edward E. Conlon*, for Maud E. Terry and Carrie L. Garber.

McNAUGHT, S. The War Risk Insurance Act of October 6, 1917 (40 U. S. Stat. at Large, 409, chap. 105), specified the beneficiaries to whom the insurance issued could be payable in the event of death. The act was amended in 1919 (41 U. S. Stat. at Large, 371, chap. 16) by adding several classes of permissible beneficiaries. In 1924 the entire act was revised (43 U. S. Stat. at Large, 625, chap. 320), the amended act retaining a provision in relation to the permitted class of beneficiaries. This act was again amended in 1925 (43 U. S. Stat. at Large, 1310, chap. 553) by eliminating all reference to survivors of a permitted class, and providing that if the designated beneficiary did not survive the insured, or survived the insured and died before receiving all of

the 240 installments, the commuted value of the monthly installments thereafter payable should be paid to the estate of the insured. The acts of Congress and the certificates of war risk insurance issued under their authority provided that the same should be subject to any amendments and all regulations "now in force or hereafter adopted."

It was held by the United States Supreme Court in *White* v. *United States* (270 U. S. 175) that Congress having reserved the right under the original act of 1917 and the subsequent amendments to subject the contract of insurance to subsequent enactments, retroactive legislation as to the insurance was valid, even to the extent of taking away rights previously vested. The rule has been followed in many jurisdictions and applied in New York State in *Matter of Ryan* (129 Misc. 248) and *Matter of Storum* (220 App. Div. 472). None of the parties to this proceeding has any vested rights to the fund in question which are not affected by the acts of Congress of 1924 and 1925, enacted subsequent to the death of Claude S. Tiffany.

The insured had a right to designate an alternate beneficiary under the acts of Congress and the regulations of the War Veterans Bureau, either by filing a certificate with the bureau in the form prescribed by the regulations, or by naming such alternate beneficiary in a last will and testament. Such designation was not filed by the deceased with the War Veterans Bureau and the provisions of the will are insufficient to justify holding that an alternate beneficiary has been designated.

It is well settled in this and many other jurisdictions that in case of intestacy the commuted value of the insurance certificate must be distributed to the next of kin entitled in accordance with the statute applicable to the distribution of personal property. Had the deceased died intestate, the many authorities to this effect would be applicable beyond question and the distribution of the fund would be made under section 98 of the Decedent Estate Law, as amended. The difficulty presented, however, arises from the fact that this decedent died testate and not intestate. He designated by the provisions of his last will and testament the persons he desired to share in his entire estate, clearly providing that his mother should have the use of all of his property with the right to use principal, and whatever might remain of his property and estate at the death of his mother should pass to his sister Ila Reyen. It is held both in *Matter of Ryan* (*supra*) and in *Matter of Storum* (*supra*) that the distributees are to be determined as of the date of the death of the insured and not as of the date of the death of the beneficiaries. In cases of intestacy those persons are next of kin

within the meaning of section 98 of the Decedent Estate Law who were next of kin at the time of death. As said in *Matter of Storum* (*supra*), in an intestacy case: " Generally there can be no question but what a fund that comes into the estate of a decedent after his death should be added to the estate left by the decedent and distributed according to section 98 of the Decedent Estate Law." Can any different rule be applied where the deceased has directed the manner in which his property shall be distributed by the provisions of a will? Should the persons the testator has designated to receive all of his property be excluded or compelled to share with others? To so hold would establish the principle that unless a specific reference is made to such insurance in a testamentary disposition of property by a veteran, holding a war risk insurance certificate, in the event the same becomes payable to his estate, under the acts of Congress, no matter how broad and comprehensive the provisions of his will, it must be held as to such fund he died intestate.

The persons entitled to share must necessarily be those entitled at the date of death, in intestacy cases under the statute, in testate cases under the will.

All of the cases in New York State involving the question of distribution of the proceeds of a war risk insurance certificate have been cases of intestacy.

The mother, Ellen Tiffany, who was named as the beneficiary, survived the insured and died prior to receiving the 240 installments payable. If the deceased as the insured under the certificate had survived his mother, the beneficiary, he clearly would have been the sole beneficiary until another beneficiary was named. At the time of his death, it must, therefore, necessarily follow that the insured had an interest or estate in the proceeds of the insurance. It was contingent upon his mother dying before she received all of the installments, but such contingency did not prevent it from being an interest, or an interest inheritable by his next of kin, in the absence of testamentary disposition. As a part of the insured's estate, however, it was subject to his testamentary disposition. It was a right and a property interest which he owned and he was entitled to dispose of it as a part of his estate. By his will he did so dispose of it under the provisions of the 2d paragraph, whereby he gave and bequeathed all of his property of every name and nature to his mother for life, with remainder over to his sister Ila Reyen.

In a similar case the Supreme Court of Pennsylvania has unanimously held that the commuted value of the insurance certificate passed under the provisions of the will of the deceased soldier. (*Matter of Ogilvie*, 291 Penn. St. 326; 139 Atl. 826.)

The persons entitled to share in the estate of a decedent are to be determined as of the date of his death. (*Matter of Storum*, 220 App. Div. 472, 476.)

A general residuary clause in a will carries every interest, whether known or unknown, immediate or remote, unless it is manifestly excluded. The intention to include is presumed and an intention to exclude must appear from other parts of the will. (*Floyd* v. *Carow*, 88 N. Y. 560; *Lamb* v. *Lamb*, 131 id. 227; *Leggett* v. *Stevens*, 185 id. 70, 79; *Matter of Barrett*, 132 App. Div. 134; *Wechsler* v. *Drey*, 203 id. 692.)

The commuted value of the insurance certificate being a part of the estate of the deceased and distributable to those entitled to receive his estate as of the date of his death, the life tenant, Ellen Tiffany, mother, being now deceased, the fund in dispute is distributable under the provisions of the will to Ila Reyen, sole residuary legatee.

A decree in conformity to the views herein expressed may be prepared and noticed for settlement.