In the Matter of the Estate of HENRY I. DUFF, Deceased.

Surrogate's Court, Bronx County, June 1, 1932.

*Castellano & Pinkus*, for the petitioner.

*Thomas J. Walsh* [*Joseph A. McKinney* of counsel], for the respondents.

HENDERSON, S. The decedent, a resident of Bronx county, died intestate in France on September 27, 1918, leaving him surviving his mother as his sole next of kin. His mother was the sole beneficiary under his war risk insurance certificate and received the installments thereof until her death on December 1, 1930. Her will was admitted to probate in the Surrogate's Court of Nassau county and letters of administration with the will annexed were issued in her estate to the petitioner in this proceeding to revoke letters of administration heretofore granted on June 4, 1931, in the decedent's estate to the decedent's uncle and aunt.

The respondents, in their joint petition for administration, alleged that the decedent left him surviving no mother; that decedent left no real property, and that the only personal property of which he died possessed was $4,701, consisting of war risk insurance payable through the United States Veterans Bureau. They now contend that the decedent, at the time of his death, left no personal estate to entitle his mother to letters of administration in his estate, but that upon her death an amount then became payable to his estate, at which time his nearest blood relative or next of kin then became entitled to such letters.

There is no merit in this contention, however, for the statute

(Code Civ. Proc. § 2588; now Surr. Ct. Act, § 118) restricts blood relatives' right of administration to a decedent's next of kin, exclusive of all relatives who are not entitled to share in the unbequeathed assets of a decedent under the so-called Statute of Distribution (Code Civ. Proc. § 2768, subd. 12; now Surr. Ct. Act, § 314, subd. 12). The term " next of kin " within the meaning of the Statute of Distribution (Dec. Est. Law, § 98; now § 83█) includes only those persons who answer that description at the time of a decedent's death. (*Matter of Storum*, 220 App. Div. 472, 476.) The respondents are not decedent's next of kin, and were not entitled to the letters of administration issued to them.

The value of the insurance installments remaining unpaid at the death of decedent's mother became payable to his estate at her death (World War Veterans' Act, 1924, chap. 320, § 303 [43 U. S. Stat. at Large, 625], as amd.; U. S. Code, tit. 38, § 514), and is distributable therein in the same manner as any other asset to the estate of the decedent's mother, not because she was the beneficiary under the insurance certificate, but because she was the sole distributee of the decedent. (*Matter of Storum, supra; Matter of Ryan*, 129 Misc. 248; affd., 220 App. Div. 835; *Matter of Tiffany*, 137 Misc. 627.) I find that the grant of respondents' letters of administration was obtained by a false suggestion of a material fact, and their letters should be revoked.

Counsel for the petitioner has suggested that expense will be saved if the entire controversy is decided in this proceeding. As the proceeds of such insurance are not subject to transfer tax in the decedent veteran's estate (Tax Law, § 221, as amd. by Laws of 1928, chap. 844), the parties may submit a stipulation and order for the payment of such proceeds to the petitioner as administrator c. t. a. of the mother's estate upon proper receipts and releases to the respondents and the surety on their bond, together with proof that he has filed a sufficient bond as such administrator c. t. a. In default thereof, the letters of administration will be revoked and a decree therefor may be settled accordingly.