In the Matter of the Estate of VINA MORFORD, Deceased.

Surrogate's Court, Clinton County, December 23, 1933.

*Booth & Booth* [*Robert C. Booth* of counsel], for the petitioner and sole executrix, Georgette R. Chadwick.

HARRINGTON, S. Vina Morford died October 4, 1933, and her will was admitted to probate by this court on October 11, 1933. During her lifetime she was the beneficiary under a $10,000 govern‑ ment war risk insurance policy written on the life of her son, Thomas L. Richey, who died intestate while serving with the American troops in France on March 14, 1919. For some years prior to her decease Vina Morford had received monthly payments under this policy of $57.50 each month. Upon her decease there was still due and unpaid upon this policy the sum of $3,415. No alternate beneficiary was named in the veteran's application for this insurance. This

veteran was survived by his mother, Vina Morford, his brother, Stanley Richey, and his sister, the petitioner herein.

Under the will of Vina Morford, she bequeathed to the petitioner herein all payments remaining due and unpaid at the time of her decease under the insurance policy of this veteran as above mentioned. She also bequeathed her residuary estate to the petitioner herein. The purpose of this proceeding is to construe these two provisions of the will of Vina Morford with particular reference to the disposition to be made of the unpaid sum due under the insurance policy of decedent's son as herein mentioned.

Vina Morford did not have a vested interest in the proceeds of this insurance policy upon the decease of her son. The interest of the beneficiary under this policy was subject to the authority of Congress to amend and change the War Risk Insurance Act under which such policies were issued. (*Matter of Storum*, 220 App. Div. 472, 475.) On March 4, 1925 (43 U. S. Stat. at Large, 1310, chap. 553), Congress amended section 303 of the World War Veterans Act by eliminating all reference to surviving persons of a permitted class and made the unpaid installments under such insurance policies, upon the death of the beneficiary, payable to the estate of the insured soldier. This amendment provided that it should be deemed in effect as of October 6, 1917, the date of the passage of the War Risk Insurance Act. (*Matter of Storum, supra*, 475.) This latter amendment to said act is still in effect and unquestionably the unpaid sums due under this policy are now payable to the representative of the deceased veteran's estate and distributable as unbequeathed personal property to the veteran's next of kin under the Decedent Estate Law of this State.

It has been held that the next of kin of a person within the meaning of section 98 of the Decedent Estate Law (now section 83) are those persons who were decedent's next of kin at the time of his death. (*Matter of Storum, supra*, 476; *Clark* v. *Cammann*, 160 N. Y. 315; *Doane* v. *Mercantile Trust Company*, Id. 494.) Accordingly, the unpaid portion of this insurance policy is now due and payable to the next of kin of the veteran at the time of his decease, namely, his mother, brother and sister as heretofore mentioned. It does not pass in its entirety under the will of Vina Morford for the reason that she did not have such vested interest in it as to authorize her to bequeath it. However, the fact that this unpaid sum under this insurance policy was not ascertainable until the decease of Vina Morford does not prevent the estate of Vina Morford from receiving the share of the unpaid sums due under this policy to which Vina Morford's estate is entitled by reason of her

relationship to this deceased veteran. (*Matter of Duff*, 143 Misc. 905, 907.) Pursuant to subdivision 6 of section 98 of the Decedent Estate Law as of March 14, 1919, the mother, brother and sister of this deceased veteran share equally in his estate. Accordingly, under the provisions of the residuary clause of Vina Morford's will as hereinabove referred to, Georgette Richey Chadwick will receive one-third of the proceeds due and payable under this insurance policy, that being the sum to which her mother, Vina Morford, was entitled to bequeath. The provisions of paragraph " second " of Vina Morford's will by which she purported to bequeath to Georgette R. Chadwick all the payments and proceeds of this insurance policy are ineffective for the reason that she did not have a vested interest in all such proceeds, and, therefore, had no right to bequeath the same. The remaining two-thirds of the proceeds of this insurance policy should, of course, be distributed equally between Stanley Richey and Georgette Richey Chadwick.

Prepare decree accordingly.