## In the Matter of the Estate of BARNET KATZ, Deceased.

Surrogate's Court, New York County, April 24, 1935.

*Engelberg & Rosenblum* [*Louis Engelberg* of counsel], for the petitioner.

*A. Townsend Kaplan*, for Samuel Kaplan, trustee, and another.

FOLEY, S. This is an application by Max Katz, one of the four surviving children of the testator, for a construction of the following provision of the will: " The support that I used to give to my family shall be kept up for ten (10) years from the day of the opening of this will. Every Six (6) months Three hundred ($300) dollars shall be sent to the same persons that I used to send. The money should be taken from my share of the property, 363 Grand St. The property shall not be sold until this support will be secured."

The decedent died April 18, 1928, and his will, dated March 1, 1928, together with an extraneous paper, was, on the consent of all the parties interested, admitted to probate on June 25, 1928. On May 23, 1929, the petitioner, together with the other three children of the decedent, being all the residuary legatees named in the will, entered into a trust agreement and a stipulation and agreement of construction of the will. The stipulation recited that it was entered into for the purpose of carrying out as far as possible the desires of the decedent and to avoid litigation. It provided for a conveyance of the decedent's interest in the premises 363 Grand street to the parties in fee as tenants in common, share and share alike. The renting agent of the premises selected in the agreement was directed to pay over from the income of the real property of the estate $300 semi-annually to the trustees of the trust agreement executed simultaneously therewith. The stipulation further authorized and directed that this court be requested

to construe the above-quoted provision of the will, but provided that in any event the parties agreed to make payment of all gifts and legacies under the will and to carry out the provisions of the trust agreement annexed to the stipulation. By the terms of the trust agreement all the parties as grantors, including the petitioner, transferred to three of themselves as trustees stock of the estate valued at $6,000. It provided for the payment from income of the sum of $270 in varying amounts semi-annually to thirteen specifically named relatives of the decedent. By the terms of the tenth paragraph it is made irrevocable and provides that if upon a construction of the will by this court the above-quoted provision is declared invalid, the trust shall nevertheless be valid. Pursuant to this instrument a trust has been set up and payments thereunder regularly made to the thirteen designated relatives of the testator. The petitioner, therefore, together with the other parties interested, has entered into binding and valid instruments in order to carry out the intention of the testator. He does not contend that imposition or fraud affected the execution of the compromise instruments nor does he in any way attack their validity. Such agreements have received the approval and vigorous support of the courts of our State. (*Fisher* v. *Fisher*, 253 N. Y. 260; *Matter of Cook*, 244 id. 63; *Minehan* v. *Hill*, 144 App. Div. 854.)

It would be futile for the court to construe this provision of the will. The comprehensive and valid method adopted by the parties to carry out the testator's intention would nullify any possible adverse construction by the surrogate. The application is, therefore, denied.

Submit order on notice.