In the Matter of the Estate of MAURICE J. ISRAELITE, Deceased.

Surrogate's Court, Bronx County, April 25, 1935.

*Davies, Auerbach & Cornell* [*Sydney G. Soons* and *Harrison F. Durand* of counsel], for the petitioner.

*Joseph F. Condon,* special guardian.

HENDERSON, S.   Upon this combined proceeding to settle the accounts of the corporate executor and trustee, it seeks a determination as to the interest, if any, of the estate of the testator's mother, now deceased, in the proceeds of the testator's war risk insurance received by it as executor.

The construction proposed by the surviving executor and trustee is not opposed, but a particular interpretation of a will cannot be judicially determined upon mere consent. It is the intent of the testator, as expressed in his will or as implied therefrom after the application of pertinent canons of construction, that governs the adjudication. It is of course possible, and desirable under some circumstances, for all persons interested in an estate, including distributees as well as testamentary beneficiaries, if all are of full age and sound mind, to avoid the necessity of a judicial interpretation of the will by executing a valid and enforcible agreement *inter vivos*, provided that no statute or lawful testamentary provision is thereby violated (*Matter of Katz*, 155 Misc. 623). That course, however, may not be followed under the present circumstances.

After specifically bequeathing the proceeds of a policy in one of the life insurance companies to his sister, the testator disposed of his other insurance in the following paragraph of his will:

" *Second.* I give and bequeath to my beloved mother, * * * all moneys that will be paid on any other insurance policies in force at the said time of my death."

He then bequeathed his residuary estate to his executors in trust during the life of his mother who was to receive all the income and, upon her request, not more than $500 per annum out of the principal.

When the testator died on November 16, 1918, there was in force his war risk renewable term insurance certificate under which his mother, as the designated beneficiary thereof, received monthly installments until her death on February 19, 1934. Thereupon her interest as such beneficiary terminated, and the commuted value of the unpaid installments became payable in a gross sum to the insured's estate without any restriction as to the ultimate recipients thereof, pursuant to the provisions of the retroactive legislation substituted for the repealed War Risk Insurance Act (World War Veterans' Act, 1924, tit. III, § 303, as amd. Mar. 4, 1925; U. S. Code, tit. 38, § 514). Such gross sum, $2,979, was paid to the executor on November 2, 1934, and is distributable under the insured's will, or, if no lawful disposition thereof is therein made, under the statutes of intestate distribution of this State in effect at the date of his death. (*Matter of Duff*, 143 Misc. 905, 907.)

The executor and trustee submits that the estate of the testator's mother has no interest in this commuted insurance, and that it passes to the trustee for distribution under the residuary clause of the will. With its contention I cannot agree. The testator's intent with respect to his insurance is clearly expressed in his will.

There is no ambiguity in the language he used in the above-quoted second paragraph or in his gift of " all the rest, residue and remainder of my estate " to his executors in trust. His mother survived him. The bequest to her in the second paragraph did not lapse and cannot pass under the residuary clause of his will. He might have made provision for a different disposition of the balance of his war risk insurance in the event that the beneficiary thereof died before all the installments matured. He did not do so. The court cannot write a new will nor give the testator's language a particular meaning merely because all interested parties consent thereto, or because such interpretation will be more just to the living, or because the testator did not apparently foresee the happening of certain events which might make a different disposition more desirable, or because the testator might have intended a different disposition from that he may have inadvertently but clearly expressed.

I hold that the testator's war risk insurance certificate is an insurance policy within the intended use of that term by the testator and that the money paid thereon to the executor was specifically bequeathed to the testator's mother and is now payable to her estate.

The decision in *Matter of Smith* (141 Misc. 651), cited by the executor and trustee, is not applicable here. There it was determined that the testator, who was survived by his mother and father and his wife, did not intend to include his war risk insurance in the gift of his entire estate, after payment of his debts and funeral expenses, to his wife who, as the designated beneficiary of such insurance, had received the installments thereof up to the date of her death, and who died intestate leaving her surviving a second husband and three nephews, her only kindred.

However, the effect of my determination herein is similar to the not infrequent vesting of a remainder in an annuitant or in a legatee of income for life, whereby the same individual is both the life beneficiary and the remainderman of the same trust. Such separate and distinct estates in one person are possible and, if otherwise lawful, have been given legal effect, even if the annuitant may never receive the remainder or the income beneficiary can never come into actual possession thereof. (*Matter of Chalmers*, 264 N. Y. 239, 247; *Matter of Watson*, 262 id. 284, 299; *Bishop* v. *Bishop*, 257 id. 40, 52; *Doane* v. *Mercantile Trust Co.*, 160 id. 494, 500.)

It appears from the filed accounts that the executor has paid $2,175 out of the commuted insurace to itself as trustee, and seeks credit for such payment in its account as executor. In view of the unambiguous disposition of this insurance by the testator and my determination of the submitted question, this claim for credit must

be disallowed. The computation of commissions submitted by the fiduciary seeks commissions for receiving and paying out this insurance as executor, and again as trustee upon the same item, less its commissions as executor and a payment of $125 for legal services, upon the assumption that the decree herein will direct the executor to pay the balance to itself as trustee. As trustee it is not entitled to any commission upon the commuted insurance. The distribution as proposed in the submitted memorandum is also incorrect.

Settle decree.