In the Matter of the Accounting of HUGH E. CLOONAN, as Executor of CATHERINE SHEEHAN, Deceased.

Surrogate's Court, Queens County, August 18, 1949.

*James F. Carroll* for executor and others, petitioners.

*John R. O'Donoghue* for Daniel A. Keenaghan and another, respondents.

SAVARESE, S. In this accounting proceeding a preliminary issue of construction has been raised by the objectors and submitted to the court for determination prior to the trial of the objections. Testatrix died July 21, 1947, leaving a will dated September 30, 1944, which was admitted to probate in this court on February 10, 1948. After a general legacy to the executor's wife and a specific bequest of a bank account to a charity, the balance of the estate is disposed of in the following language:

" I give, devise and bequeath all my estate, both real and personal, which may be in the Dominion of Canada, to my niece Mary Bell Sheehan.

" I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to Daniel Augustine Keenaghan and his wife Helen, or the survivor of them."

The issue is whether Mary Bell Sheehan is entitled to testatrix's property located in Canada at the time of her death or at the time the will was executed.

The objectors contend that the facts alleged in their objections pertaining to the construction of the will must be deemed admitted under section 76 of the Surrogate's Court Act as they

have not been controverted. In a construction proceeding, however, the court is not bound to accept an undenied interpretation of the will. (*Matter of Israelite,* 155 Misc. 259.) In any event, new matter contained in an answer is deemed controverted by statute. (Civ. Prac. Act, § 243.)

The resolution of the issue turns upon the intention of the testatrix as **revealed** in her will. The bequest is of " all my *estate* \* \* \* which *may be* in " Canada, not of her property which *is* in Canada. (Italics added.) Her use of the indefinite rather than the present tense is some indication that she intended thereby to bequeath such of her property as might be in Canada at her death. She presumably knew where her property was located when she made her will, but apparently contemplated a change of location prior to her death. In the absence of any indication of a contrary intent, a gift of property described as located in a certain place speaks as of the testator's death and means the property which is thus located when he dies. (*Matter of Thompson,* 217 N. Y. 111.) The court accordingly holds that the legatee, Mary Bell Sheehan, is entitled to any of the testatrix's property demonstrated to have been located in Canada at her death, provided of course it did not find its way there without the knowledge and assent of the testatrix. Proceed accordingly.