EPHRAIM F. CURTIS, Executor, etc., Respondent, v. DAVID D. McNAIR, Appellant.

The provision of the act of 1840, "to reduce the expense of foreclosing mortgages" (§ 13, chap. 342, Laws of 1840), prescribing the fees to be charged by a county clerk for making searches, was not intended as a substitute for the provision of the Revised Statutes fixing his fees for

searches, except in the cases and when made for the purposes specified in the second section of said act, *i. e.*, when made for the purposes of an action for foreclosure and the bill is taken as confessed, etc.

Under the provisions of the Revised Statutes (2 R. S., 639, § 30) a county clerk is entitled to charge for four distinct lines of searches at the rate of five cents per year for each, *i. e.*, for searching the records of deeds, the records of mortgages, the records of mortgages deposited by loan officers, and the docket of judgments. (ALLEN and RAPALLO, JJ., dissenting.)

' As to whether a like fee may be charged for searching other records affecting the title to real property, required to be kept by county clerks by acts passed subsequent to the Revised Statutes, *quære*.

(Argued December 8, 1876; decided January 16, 1877.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department reversing a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover a balance alleged to be due on an account for services rendered by plaintiff's testator as county clerk. The items in dispute were principally charges for making searches. Defendant claimed that the legal fees of a county clerk for searches are only those prescribed by section 13 of chapter 342, Laws of 1840, to wit: Ten cents for each conveyance and incumbrance certified. But if governed by the Revised Statutes (2 R. S., 639, § 30) that he is only entitled to have a fee of five cents per year for searching the records, including the records of deeds and mortgages, not a separate fee for each.

*Julien T. Davies* for the appellant. The fees of county clerks for searching the records in their offices are prescribed by section 13 of chapter 342, Laws of 1840. (*W. Col. Inst. v. Van Horne*, 3 Den., 171.) The general effect of that act is not to be restrained by its title. (*People* v. *McCann*, 17 N. Y., 58; *Hadden* v. *Collector*, 5 Wal., 107; *U. S.* v. *Fisher*, 2 Cranch, 386; *U. S.* v. *Palmer*, 3 Wheat., 631; *Jackson* v. *Gilchrist*, 15 J. R., 89, 116; Potter's Dwarris, 103; *Jones* v. *Sheldon*, 5 N. Y., 477; *Bishop* v. *Barton*, 9 Sup. Ct., 436; *People* v. *Molyneux*, 40 N. Y., 113.)

*S. Hubbard* for the respondent. The fees of county clerks are still regulated by 2 Revised Statutes, part 3, chapter 10, title 3, section 30 (p. 660, Edmonds' ed.), except in case of defaults in foreclosure cases. (*Jones* v. *Sheldon*, 50 N. Y., 477.)

*Per Curiam.* The questions presented upon this appeal are important and not free from difficulty in their solution. There is need of legislation to make more certain and definite the fees to which county clerks are entitled for their services under the various laws now in force, essentially different as these laws are from those in force at the time of the adoption of the fee bill. We are of opinion that the plaintiff's testator was entitled to the compensation for searches at the rates prescribed by the Revised Statutes, and was not restricted to the fees given by chapter 342 of the Laws of 1840, for searches made in the foreclosure of mortgages. The act of 1840, section 13, was not intended as a substitute for the provisions of the Revised Statutes fixing the fees of county clerks for searches, except in the cases and when made for the purposes mentioned in the second section of the act. This, we think, is very evident from the text of the act, declaring, as it does, that in actions for foreclosure of mortgages, when the bills should be taken as confessed, only the fees prescribed in the succeeding sections should be charged by the several officers for the services named. By the frame of the act, all the sections are built upon and depend for their application upon the provisions of the first section; and when the whole act is read in connection with its title, the legislative intent is very clear. If we refer to the occasion of this and cotemporaneous legislation, the conclusions to which we have come will be fortified. This act and chapter 386 of the same year were enacted on the same day, and had for their sole object the reduction of the fees and compensation of officers in judicial proceedings, a reform which was greatly needed, by reason of the excessive and exorbitant amounts to which the costs in those proceedings had swollen, and which had become

so burdensome, as well to creditor as debtor, that the clamor for modified fee bills, both at law and in chancery was irresistible, and the statutes quoted were a part of the results of this clamor. The whole intent of the legislature was to reduce the expenses of actions and suits at law and in equity, and not to interfere with the fee bills of county clerks for services disconnected with such proceedings. If it were otherwise, the provisions of section 33 of chapter 386 would be inconsistent with section 13 under consideration. (*Eights* v. *Woodworth*, 9 Paige, 391.) Coming, then, to the Revised Statutes as giving the measure of compensation, although the language is not so explicit as to place the construction beyond all doubt, and the court is divided in opinion as to the true interpretation, the majority of the judges are of opinion that the statute contemplated compensation for four distinct lines of searches:

First, For searching the records in the office of the clerk, in which were included deeds, mortgages, and other conveyances required to be recorded as two separate and distinct searches. Deeds and mortgages were the only records coming under this head, affecting the title to real property, which so far as appears were searched by the testator, and for which a charge is made. For searching each of the records treated as the subject of a separate search, and of two distinct and legally established series of records, a fee of five cents for each year is given. By law the clerk was compelled to keep the record of deeds and mortgages in separate books, and as a distinct series, and each required a separate and distinct search.

Second, A like fee is given for searching the records of mortgages deposited by loan officers and commissioners of loans; and

Third, For searching the dockets of judgments.

The two last specifications do not affect or qualify the fee prescribed for the first service, to wit: the searching of the records of conveyances, which are all massed under the general term "records." (2 R. S., 639.) The addition to the records which are now required to be kept of other liens affecting the title to realty, does not affect the interpretation of the

statutes under which the plaintiffs' testator was entitled to compensation.

It was said upon the argument that the allowance of the five cents each for searching deeds and mortgages for the years through which the search was made, would, with the other items of his claim not contested, give the plaintiff more than the amount claimed, and the counsel for the respondent expressly waived all claim for searches of records other than those named. The court is, therefore, not called upon and does not consider whether the fee given by the Revised Statutes, is restricted to the records then established by law and required to be kept, or whether a like fee may or may not be exacted for the searching of records since established by law, and by which the title of purchasers to real property be affected. It was said by the counsel for the appellant, that upon this interpretation and restricting the compensation to the four items named, the plaintiff had been over paid. But we have come to a different conclusion. From a computation made upon the data furnished by the record, it appears that the plaintiff was entitled to recover upon the basis of charges as actually made, the amount fifty-two dollars and ninety-eight cents, and upon the basis of the fees allowed by law, sixty-eight dollars and sixty-three cents. We may have erred in the computation and it binds no one. The court below can readily assess the damages in conformity to the rule now prescribed, when the facts shall be before it.

The order must be affirmed, and judgment absolute for the plaintiff.

All concur, except ALLEN and RAPALLO, JJ., dissenting.

Order affirmed, and judgment accordingly.