In the Matter of the Taxation of Bills for Services Rendered by the County Clerk of Herkimer County to CHARLES E. SNYDER.

P. H. BROWN, County Clerk of Herkimer County, Respondent; CHARLES E. SNYDER, Appellant.

*County clerk's fees for searches — how computed — what is not an Attorney-General's application therefor — right of the clerk of Herkimer county to collect fees.*

Section 3290 of the Code of Civil Procedure, which provides that fees shall not be charged for searches made pursuant to a requisition of the Attorney-General, does not apply to searches ordered by an owner of land who has contracted to sell the same to the State of New York, and who has agreed to deliver to the Attorney-General for examination an abstract of the title officially certified.

Chapter 47 of the Laws of 1891, making the office of clerk of Herkimer county a salaried one, and providing, in section 3 thereof, that it shall be the duty of such clerk to collect and receive the fees, emoluments and perquisites permitted by law, and not exceeding the amount fixed by law, "as from time to time shall be prescribed by resolution of the board of supervisors of said county," did not, as to Herkimer county, abolish such fees as fixed by section 3304 of the Code of Civil Procedure, and, in the absence of a resolution of the board of supervisors of Herkimer county making a less rate for such fees, they must be collected by the clerk as computed under said section 3304.

Under section 30 of chapter 10 of part 3 of the Revised Statutes (2 R. S. 639), allowing a county clerk for searching the records of his office five cents for each year, where different classes of instruments are indexed and recorded in one and the same series of books, and would be disclosed by a single examination of the same record, the clerk is entitled to only five cents a year for a search as to all.

APPEAL by Charles E. Snyder from an order of the Supreme Court, made at the Herkimer Special Term on the 25th day of April, 1896, taxing the fees of the clerk of the county of Herkimer for services in making searches. The appeal was taken from an order made pursuant to section 3287 of the Code of Civil Procedure.

December 13, 1895, the appellant, by three written requisitions, required the clerk of the county of Herkimer to search the title of certain lands in that county as against certain persons mentioned in the requisitions. The requisitions commanded the clerk to search and certify as follows :

" Certify as to all deeds, wills or conveyances, from or to, or mortgages by, assignments of mortgages, leases, foreclosures of mortgages, satisfactions of mortgages, orders appointing receivers,

probate of heirships, sheriffs' certificates of sale, *lis pendens*, and all papers or records affecting the title to the lands aforesaid, and judgments for ten years last past, by or against the following-named persons, for the periods set opposite their names, respectively : "

Following the requisitions were the names of the persons against whom and the dates between which the searches were to be made. Pursuant to these requisitions the clerk made the searches, and, February 10, 1896, rendered his bill for fees, charging $1,733.20.

The appellant disputed the legality of the bills rendered and demanded that they be taxed, pursuant to section 3287 of the Code of Civil Procedure. A taxation was had before a justice of this court, who taxed and allowed the bills as presented, and from this order this appeal is taken.

*Charles E. Snyder*, appellant, in person.

*Irving R. Defendorf*, for the respondent.

FOLLETT, J. :

The appellant contested before the justice the legality of the charges upon the following grounds : (1) That the services were performed for the Attorney-General of the State, and that, pursuant to section 3290 of the Code of Civil Procedure, the clerk was not entitled to fees for his services ; (2) that the board of supervisors of the county of Herkimer not having established a scale of fees for searches, pursuant to chapter 47 of the Laws of 1891, the clerk had no right to charge for making searches ; (3) that the bills presented were too large and that the charges ought not to have exceeded $506.75.

These grounds were overruled by the taxing officer and are presented by the appeal to this court.

December 16, 1895, William Seward Webb and the Nehasane Park Association, as parties of the first part, and the People of the State of New York, as party of the second part, entered into a written contract by which the parties of the first part agreed to sell and convey certain specified lands for the sum of $600,000, which contract contains the following provision : "And it is also agreed and understood that on or before the delivery of said deed the parties of the first part will deliver to the Attorney-General of the State

of New York complete and satisfactory abstracts of title of the premises herein described, certified to by the clerks of Herkimer and Hamilton counties; also a search certified to by the Comptroller of the State of New York, as to any and all taxes unpaid upon said lands; also certified searches certified by the clerks of the Circuit and District Courts of the United States of the district where the lands above described are located, certifying as to any and all judgments that may be liens upon said lands for ten years last past. This contract shall be subject to the approval of the Attorney-General of the State of New York as to the title to the lands hereby contracted to be conveyed."

The vendors employed the appellant to procure the searches required by the provisions above quoted, and he made and signed the requisitions above mentioned to the clerk of Herkimer county, in pursuance of which he made the searches.

The Attorney-General did not request the clerk to make these searches, but they were made upon the order of the appellant, acting for the vendors, and section 3290 of the Code of Civil Procedure, which provides that fees shall not be charged for searches made pursuant to the requisition of the Attorney-General, has no application. The fact that the searches were made for the purpose of satisfying the Attorney-General as to the validity of the titles to the lands contracted to be conveyed, and were delivered to him by the vendors or by their agent, the appellant, does not exempt the appellant from liability for the legal fees which the clerk is entitled to charge.

Section 3304 of the Code of Civil Procedure provides:

"§ 3304. A county clerk is entitled, for the services specified in this section, except where another fee is allowed therefor by special statutory provision, to the following fees * * *:

"For searching and certifying the title to, and incumbrances upon, real property, for each year for which the search is made, for each name and each kind of conveyance or lien, five cents. * * *

"For searching for a bond six cents."

The county clerk asserts that he is entitled to charge for the services rendered to the appellant under this section of the Code, and that the sums charged are not in excess of the rate allowed by the section.

On the other hand, the appellant insists that this section has not been applicable to the clerk of the county of Herkimer since January 1, 1892, by reason of chapter 47 of the Laws of 1891, making the office of clerk of that county a salaried one. By the 1st section of this act it is provided that clerks elected after the passage of this act shall receive as compensation for services an annual salary not exceeding $2,500, to be fixed by the board of supervisors of the county, which shall not be increased nor diminished during the term for which any clerk shall be elected.

By the 2d section it is provided that the clerk shall perform all services which he is or shall be required or authorized by law to perform by virtue of his office, but shall not receive any fees for his own use for such services, nor any compensation therefor except his salary.

By the 3d section it is provided:

"§ 3. All the fees, emoluments and perquisites which such clerk shall charge or receive, or which he shall legally be authorized, required or entitled to charge or receive, shall belong to the county of Herkimer. It shall be his duty to exact, collect and receive all such fees, emoluments and perquisites now permitted by law, and not exceeding the amounts now fixed by law, as from time to time shall be prescribed by resolution of the board of supervisors of said county at any special or annual session thereof, except that the charges for filing, entering or recording judgments, decrees, orders, deeds and mortgages shall be and remain the same as provided by statute; provided, however, that any resolution thus passed by said board of supervisors shall be general in its character establishing a uniform rate of charges, and no resolution changing the fees to be charged shall be passed except at the regular annual session after the adoption of a resolution prescribing the same after the passage of this act. Said clerk shall require payment in advance for recording all papers left with him for record, and shall also in each case require payment for all other services rendered by him or his assistants in his or their official capacity by virtue of any law of this State, or by order of the board of supervisors of said county."

By the 4th and 5th sections the clerk is required to keep an account of all services rendered by him during each calendar month and of all the fees received therefor, and at the end of each month

to make a statement of services rendered and of fees received there-for, and pay over such fees to the treasurer of the county of Herkimer.

At the general election held in November, 1891, a clerk for the county of Herkimer was elected, who took office January 1, 1892, when the provisions of the act in respect to compensation and fees of the clerk became operative. It is conceded that the board of supervisors of that county has not, as authorized by the 3d section, fixed the fees of the clerk for searching and certifying the title to real property, and the appellant insists that chapter 47 of the Laws 1891 abolishes the fees prescribed by section 3304 of the Code of Civil Procedure for such services in the county of Herkimer, and that none can be charged unless authorized by a resolution of the board of supervisors.

There is no provision in the chapter referred to abolishing the fees of the clerk for services, but, on the contrary, it provides that "it shall be his duty to exact, collect and receive all such fees, emoluments and perquisites now permitted by law, and not exceeding the amounts now fixed by law, as from time to time shall be prescribed by resolution of the board of supervisors of said county."

The intention of the Legislature clearly was to require the clerk to collect, for the use of the county, the statutory fees for services rendered, and to authorize the board of supervisors, in its discretion, to establish a lesser rate of fees for such services. The provision is permissive, not mandatory. We think that, in the absence of a resolution establishing a less rate of fees than prescribed by the Code of Civil Procedure, the clerk is authorized to charge for the use of his county the fees prescribed by the Code. All the sections of chapter 47, read together, clearly indicate that it was the purpose of the Legislature, not to abolish the fees prescribed by the general statutes for services rendered by the clerk of the county of Herkimer, but to permit the board of supervisors to prescribe a smaller rate of fees than allowed by the general laws. The words "as from time to time shall be prescribed by resolution of the board of supervisors," simply empower that body to establish the fees of the clerk, "not exceeding the amounts now fixed by law," and the adoption of such a resolution is not a condition precedent to the right to charge and collect the statutory fees for the use of the county.

Are the fees charged by the clerk and taxed by the order appealed from greater than those allowed by section 3304 of the Code of Civil Procedure?

The statutes of the State prescribe the books in which recordable instruments are to be recorded and how indexed. Deeds, leases, wills and probates of heirship are recorded in the same books, usually entitled "Deeds," and indexed on the same indices, usually entitled "Grantors" and "Grantees."

Mortgages, assignments of mortgages, satisfactions of mortgages, releases of part of mortgaged premises and affidavits on statutory foreclosures of mortgages are recorded in the same books, usually entitled "Mortgages" and indexed on the same indices, usually entitled "Mortgagors" and "Mortgagees."

Sheriffs' certificates of sale of real property under executions are recorded in books kept for that purpose and indexed against the judgment debtors.

Notices of the pendency of actions affecting real property are recorded in books kept for that purpose and indexed against the defendants in the actions.

Orders appointing receivers are recorded and indexed against the judgment debtors in books kept for that purpose.

Judgments are docketed in books entitled "Judgment Docket" against judgment debtors and entered in alphabetical order.

The foregoing records embrace all the books and indices searched by the clerk. The searches for which fees are charged are not contained in the record, and the only information which we have in respect to the principle upon which the bill was rendered is contained in the following letter, written by the clerk to the appellant:

"HERKIMER COUNTY CLERK'S OFFICE,
"HERKIMER, N. Y., February 10, 1896.

"CHARLES E. SNYDER, Esq., Attorney, &c.:

"DEAR SIR — The following is a statement of our method of computing the fees in search, made in compliance with your requisition dated Dec. 13, 1895, covering lands in Township 38, Totten and Crossfield's Purchase, according to our interpretation of the provisions of the Code, viz.:

"Deeds, wills, leases, mortgages, assignments of mortgages, fore-closures of mortgages, satisfactions of mortgages, against each of the following named persons for the period of time named, viz.:

| "Name. | No. of years. |
|---|---|
| " Alex. McComb. | 90 " |

The clerk charged for searching on the indices of deeds against Alexander McComb 90 years for deeds, 90 years for wills, 90 years for leases, making a total of 270 years, which, at five cents per year, amount to $13.50. The whole bill is made up on this principle. It is apparent that all deeds and leases executed by Alexander McComb and his will, if one were recorded in the clerk's office, would be found by looking through the indices of deeds under "Grantors," and for such service the clerk was entitled to five cents per year, for 90 years, $4.50, instead of $13.50. It was not the intention of the Legislature to give clerks fees for constructive services, but only for such services as were actually and necessarily performed to meet the requisitions made upon them. The clerk, in making up his bill, construed deeds, leases, wills, mortgages, assignments of mortgages, foreclosures and satisfactions of mortgages to be different kinds of conveyances. The term "each kind of conveyance or lien" refers to classes of conveyances and to classes of liens having common characteristics peculiar to them, and it was the intention of the Legislature to allow the clerk to charge five cents per year for searching for the kinds of conveyances or liens so connected by the recording acts that they are recorded on the same series of books and would be disclosed by a single examination of the records. In case the records disclosed that a person held a mortgage upon the property against which the search was prosecuted, an examination of the indices entitled "Mortgagors" would disclose an assignment of the mortgage, a release of part of the mortgaged premises or a discharge of that mortgage, and it was not the intention of the Legislature to permit in such a case the clerk to charge for three different searches over the required number of years.

By section 30 of title 3 of chapter 10 of part 3 of the Revised Statutes (2 R. S. 639) it was provided : "To a county clerk for searching the records in his office or the records of mortgages deposited in his

office by loan officers and commissioners of loans or the dockets of judgments, for each year, five cents."

In 1840 chapter 342 of the Laws of 1840 was passed, entitled "An act to reduce the expense of foreclosing mortgages in the Court of Chancery," by the 13th section of which it was provided : " Clerks of counties and registers of cities shall charge and receive for searching and certifying the title of and incumbrances upon real estate ten cents for each conveyance and incumbrance certified by him instead of fees now allowed by law, provided that such fees shall in no case amount to less than fifty cents nor more than five dollars."

After the adoption of the Code of Civil Procedure, the section of the Revised Statutes above quoted and chapter 342 of the Laws of 1840 were repealed by chapter 245 of the Laws of 1880.

In *Curtiss* v. *McNair* (6 Hun, 550 ; affd., 68 N. Y. 198) it was held that chapter 342 of the Laws of 1840 was applicable only to searches required in actions for the foreclosure of mortgages, and that in all other cases the fees of the county clerk for services were governed by the section of the Revised Statutes above quoted. It was held by the Court of Appeals that under this section a county clerk was entitled to charge for four distinct lines of searches, for deeds, records of mortgages, records of loan mortgages and dockets of judgments, at the rate of five cents for each year, and was entitled to charge five cents for each year for searching for all instruments recorded in the books wherein deeds were recorded, and five cents for each year for searching for instruments recorded in books wherein mortgages were recorded.

The *Matter of Parsons* (22 J. & S. 451 ; 7 N. Y. St. Repr. 74) arose under section 4 of chapter 531 of the Laws of 1884, which provides that the register of the city and county of New York shall receive " for searching and certifying the title to and incumbrances upon real property for each year for which the search is made, for each name and each kind of conveyance or lien, five cents." The register in that case claimed that because the requisition embraced sixteen parcels of land he was entitled to charge for sixteen different searches, though but one name was searched against. It was conceded that his fees for a single search were fifty-seven dollars and thirty cents, which sum the person ordering the search

was willing to pay, but the register insisted that this sum should be multiplied by sixteen.   It was held that, as a single examination of the indices furnished all the information required, the register was not entitled to charge for constructive services and was entitled to only fifty-seven dollars and thirty cents for searching.   These two cases seem to be in principle decisive of the one at bar.

The searches which were made not being contained in the record, there is not sufficient information before this court to enable it to determine precisely how much the clerk was entitled to charge for the services rendered, and the only decision which we can make is to reverse the order, with leave to the clerk to apply for a retaxation upon fresh evidence disclosing in detail the precise nature and extent of the services rendered.

The order should be reversed, with costs.

All concurred.

Order reversed, with costs, with leave to the clerk to apply for retaxation upon sufficient evidence disclosing in detail the precise nature and extent of the services rendered.