have been actually given. It is undisputed that the automatic bell at the crossing was ringing immediately after the collision. Upon the entire evidence in the case we are satisfied that the plaintiff has not fully carried the burden which the law places upon her to establish the negligence of the defendant by a preponderance of evidence, and that justice requires a reversal of the judgment and a new trial.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.

---

### In re HOWE, Register of Kings County.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

APPEAL AND ERROR—ORDERS APPEALABLE—TAXATION OF FEES.

Under Code Civ. Proc. § 3287, providing that a register of deeds must, on written demand therefor, cause his fees to be taxed by a justice of the supreme court, an appeal will not lie from an order taxing the register's fees, made at a special term presided over by a supreme court justice.

Appeal from special term, Kings county.

In the matter of the taxation of fees of James R. Howe, register of the county of Kings, for making a certain search for William R. Maddox. From an order taxing such fees, he appeals. Appeal dismissed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

Bert Reiss, for appellant.
William S. Maddox, in pro. per.

PER CURIAM. Without expression of any opinion as to whether an order made pursuant to the provisions of section 3287 of the Code of Civil Procedure, taxing the fees of the register, is appealable to this court, we are clear that we cannot entertain this appeal upon the record now before us. The section quoted requires that the register must, upon written demand, cause the fees to be taxed by a justice of the supreme court. Before we can, in any event, review the taxation, the decision of the justice must be embodied in an order made by him as such justice. There is no such order in the record before us, nor does it appear that such order was ever made. The record does contain an order made at special term whereat a supreme court justice presided, but the special term had no jurisdiction whatever in the premises. The learned counsel for the respondent cites several cases where it would seem that similar matters were considered, but not one of them discusses the practice involved in this case. In re Snyder, 12 App. Div. 139, 42 N. Y. Supp. 1065, cited by him, did relate to a taxation under this section of the Code, but the point here considered was neither raised nor discussed. The reporter states that it was an appeal from an order of the supreme court made at the Herkimer special term, and also that a taxation was had "before a justice of this court." But we are asked to disregard this palpable defect in the proceedings as

shown by the record, and the cases of Phinney v. Broschell, 19 Hun, 116, and In re Knickerbocker Bank, 19 Barb. 602, are cited to us as precedents. Phinney v. Broschell involved an order of service by publication in proceedings by attachment, wherein the order was entitled at a special term, with a direction for entry by the justice who presided thereat, but the order was in fact made and signed out of court at the judge's private chambers. The court held that the caption was not conclusive, that the recitals showed that it was a justice's order, and that it did not appear that the order had ever been entered. This case presents no facts in common with those in the cases cited, save perhaps the single one of a line of recital in the special term order, while the "statement" in the record before us reads that such order was entered on August 16, 1901. In the Knickerbocker Bank Case, supra, it was held that the mere entitling of an order as at special term does not vitiate an order appointing a receiver. The case at bar does not concern an order made in an action or in a special proceeding, of which the supreme court had jurisdiction; but the decision sought to be reviewed was made under a special statutory authority which conferred power upon a justice of the supreme court, and upon him only (save a county judge), to tax the legal fees of a public official, not incidental to any matter pending in the supreme court, but arising out of the charges for services rendered in a public office.

We think that for these reasons the appeal should be dismissed, without costs to either party.

