In the Matter of the Estate of ALBERT W. CANFIELD, Deceased.

Surrogate's Court, New York County, April 7, 1930.

*Satterlee & Canfield*, for George F. Canfield, petitioner.

*F. Morse Hubbard*, for Albert W. Canfield.

*Taylor, Blanc, Capron & Marsh* [*Edwin W. Cooney* and *Victor W. Rotnem* of counsel], for Wallis C. Byrd, respondent.

FOLEY, S. This is an application for the construction of the will of the decedent. His will was probated by this court on the 20th day of May, 1879. By the terms thereof the decedent created a trust in all his property for the benefit of his wife during her life. He further directed that upon her death the trust estate be divided into four equal parts. As to one of these parts testator's will created a secondary life estate for the benefit of his son, Robert B. Canfield, as follows: "*Second.* At the decease of my wife, I direct that my executors divide the said trust property into four equal parts * * * one other of said equal four parts, my executors shall continue to hold upon the like trust, and pay over the rents, issues, profits and income thereof to my son, Robert B. Canfield, during his life, and at his decease, my executors shall transfer, convey and deliver over one equal third part of the property so held in trust for him, to his wife, Louise Canfield, to be thereafter her own property absolutely:— the remaining two-thirds of the property so held in trust for him, my executors shall transfer, convey and deliver over to his heirs-at-law and next-of-kin: * * *."

Robert B. Canfield, the son of testator, died on the 29th day of April, 1929, leaving him surviving his wife, Louise Canfield, two brothers, and Wallis C. Byrd, a grandson of his deceased sister, Anne Sidney Byrd. The trust has terminated and question has arisen as to whether or not Wallis C. Byrd as a grandnephew is one of the class of next of kin of Robert B. Canfield. The brothers of the deceased life beneficiary, Robert B. Canfield, concede that the class of his next of kin must be determined as of the date of his death in 1929 rather than as of the date of testator's death in 1879. They claim, however, that the date on which the class of next of kin is to be determined is immaterial, because the law of this State has not been changed with regard to the estates of decedents who died before 1905. They base their contention on the fact that the enactment of the Decedent Estate Law in 1909 repealed all previous legislation on the subject, and that the saving clause in subdivision 12 of section 98 of the Decedent Estate Law expressly excepts from the determination of the class of next of kin the estates of all persons dying prior to May 18, 1905. Consequently they ask that this court determine, in construing this will, that the term "next of kin" be confined to the limited class

fixed by the statutes of this State previous to 1905. In other words, this question is squarely presented: Who are to take as next of kin of a life beneficiary who died in 1929, under the will of a testator who died in 1879? In this connection the following questions suggest themselves, viz.:

1. Did the testator as a matter of testamentary purpose intend by the terms of his will to limit the next of kin to those described in the statute in effect at his death in 1879?

2. Did the Legislature by the statute of 1909, which was in effect at the date of the death of Robert Canfield in 1929, intend that the class of next of kin should be construed as including grandnephews, or by reason of the exception contained in the statute confine the class of next of kin to brothers' and sisters' children only?

3. Should the words "next of kin" in the will be construed in their primary legal sense as persons entitled to take under our Statute of Distribution as next of kin of Robert Canfield at the time of his death in 1929?

A brief *résumé* of the statutory changes in the Statute of Distribution becomes important. In 1879, where a decedent died intestate leaving brothers, sisters and children of a deceased brother or sister, that class of persons only was entitled to participate, and the descendant of a deceased brother or sister beyond a child was excluded. In 1905 this class was extended from children of deceased brothers and sisters to grandchildren or their descendants by chapter 539 of the Laws of 1905, in effect May 18, 1905, which amended subdivision 12 of section 2732 of the Code of Civil Procedure to read as follows: "Subdivision 12. No representation shall be admitted among collaterals after brothers and sisters descendants. § 2. This act shall not apply to an estate of a decedent who shall have died prior to the time this act shall take effect."

From the standpoint of accurate statutory draftsmanship the exception of the estates of decedents who died before the taking effect of the act was surplusage. The Legislature could not have changed the vested property rights of those who were the lawful next of kin of one who died before the enactment of this amendment. Perhaps the draftsman of the act out of over-caution may have thought the inclusion of the proviso as desirable. In any event it neither added to nor took away from the effect of the previous statute. In 1909 the Legislature in re-enacting the amendment in the Decedent Estate Law made a change in form but not in substance apparently for the convenience of the bar by inserting the precise date of the 1905 amendment so that the exception read: "This subdivision shall not apply to the estate of a decedent who

shall have died prior to May eighteenth, one thousand nine hundred and five."

This statute was in effect at the date of the death of Robert Canfield. The provisions of the Decedent Estate Law, section 98, subdivision 12 (as amd. by Laws of 1909, chap. 240), however, while not applicable to the estates of persons dying before May 18, 1905, does not contemplate or refer to the wills of persons dying before that date. Subdivision 12 of section 98 of the Decedent Estate Law relates only to the legal class of the next of kin of persons who died before 1905.

In this case the gift over of the remainder was not to the next of kin of the testator. The remainder was given to the heirs at law and next of kin of the life beneficiary. While the law may have been more restricted as to the class of next of kin at the time of decedent's death, the statute then in force is not applicable on this distribution where the gift of the remainder was contingent in nature, and was to a class to be determined at some future date. (*Matter of Crane*, 164 N. Y. 71; *Matter of Baer*, 147 id. 348; *Matter of Einstein*, 113 Misc. 105; *N. Y. Life Insurance & Trust Co.* v. *Winthrop*, 237 N. Y. 93.) It is a gift to a class. (*Matter of Townsend*, N. Y. L. J. June 8, 1920; *Matter of Kimberly*, 150 N. Y. 90; *N. Y. Life Insurance & Trust Co.* v. *Winthrop, supra; Matter of Russell*, 168 N. Y. 169.) Those persons entitled to take such a devise or bequest are those persons who answer the description at the time of the death of the life beneficiary, when the remainder vested. (*Matter of McKim*, 115 Misc. 720; *Matter of Baer, supra; Matter of Kimberly, supra.*) The general rule is stated in *Gilliam* v. *Guaranty Trust Co.* (186 N. Y. 127, at p. 133) as follows: " The general rule applicable to the facts here presented is well established that when property at a future date is to pass to a certain class of persons it will be distributed amongst the persons who compose such class at the date of distribution. (*Paget* v. *Melcher*, 26 App. Div. 12, 18; affd., 156 N. Y. 399; *Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *McGillis* v. *McGillis*, 11 App. Div. 359.)"

A similar rule exists in Pennsylvania (*Matter of Kohler*, 199 Penn. St. 455). Under the established rules of construction the testator is presumed to have known that the distribution directed by him was subject to legislative power to change the inheritance. (*Gilliam* v. *Guaranty Trust Co., supra.*) Here, the class of remaindermen could only be ascertained at the date of the death of the person whose next of kin were to take as remaindermen. Then only did the right of inheritance accrue and by that date we are to test and measure such right. The statute in force at the latter

date must, therefore, determine the class of beneficiaries. The class of next of kin consequently are those who take under the provisions of subdivision 5 of section 98 of the Decedent Estate Law as effective upon April 29, 1929. In this case the next of kin are the two brothers and the grand nephew of the deceased life beneficiary, Robert B. Canfield.

In view of the foregoing I hold that Wallis C. Byrd is entitled to one-third of the fund directed to be paid by the testator after the death of his son, Robert, to the latter's next of kin. Tax costs and submit decree on notice construing the will accordingly.