In the Matter of the Estate of INES E. ANGARICA, Deceased.

Surrogate's Court, New York County, October 3, 1935.

*Mitchell, Taylor, Capron & Marsh* [*Edwin W. Cooney* and *Elmer J. Hoare* of counsel], for the petitioner.

*Samuel Mandelbaum,* special guardian of infants and incompetent.

DELEHANTY, S. The will of deceased created a trust and directed payment of income therefrom to designated beneficiaries, one of whom died a citizen of the United States but a resident of Havana, Cuba, leaving surviving him a widow and three children.

The eighth paragraph of the will of testatrix says: " Upon the death of any of the beneficiaries of the income of my said residuary estate, I direct that a share of the principal of said trust estate equal in proportion to the share which such beneficiary so dying has annually received from the income thereof shall be paid to such person or persons to whom such beneficiary so dying shall have bequeathed the same by a last will and testament duly probated; and if such beneficiary so dying shall not have designated by will to whom he or she shall desire the same to be paid, then I will and direct that said share shall be paid to the heirs or next of kin of said deceased beneficiary."

The question here presented is whether the widow of the deceased income beneficiary is entitled to share in the distribution.

Ascertainment of the " heirs or next of kin " referred to in the quoted paragraph must be made under New York law and not under Cuban law. (*Matter of Devoe,* 66 App. Div. 1; affd., 171 N. Y. 281.)

The tenor of the quoted paragraph defers to the date of the beneficiary's death ascertainment of the " heirs or next of kin " who are entitled to take. Futurity of ascertainment of these beneficiaries is inherent in the testamentary scheme. So here the " heirs or next of kin " of the deceased income beneficiary must be determined as of the date of his death which occurred on February 26, 1934. (*Matter of Baer,* 147 N. Y. 348; *Matter of Crane,* 164 id. 71; *New York Life Insurance & Trust Co.* v. *Winthrop,* 237 id. 93; *Matter of Canfield,* 136 Misc. 551; affd., no opinion, 231 App. Div. 708; affd., 256 N. Y. 610.)

Prior to the enactment of the general revision of the Decedent Estate Law which was the result of the labors of the Commission to Investigate Defects in the Law of Estates, the widow of the deceased income beneficiary was neither an heir at law nor next of kin of her husband. (*Murdock* v. *Ward,* 67 N. Y. 387; *Luce* v. *Dunham,* 69 id. 36; *Keteltas* v. *Keteltas,* 72 id. 312; *Tillman* v. *Davis,* 95 id. 17.) The question now presented (apparently for the first time to a Surrogate's Court so far as research has disclosed) is whether the new statutory plan of descent and distribution enacted in 1929 and effective September 1, 1930, gives to a spouse a new and broader right of succession to property.

Section 81 of the Decedent Estate Law is a new section drafted by the Commission to Investigate Defects in the Law of Estates and enacted by the Legislature in the form presented by the Commission. The section says:

" § 81. Descent and distribution to same persons and in same shares. All existing modes, rules and canons of descent are hereby abolished. The determination of the degrees of consanguinity of distributees of real and personal property shall be uniform, and shall be in accordance with the rules as applied immediately before the taking effect of this act of the determination of the next of kin of an intestate leaving personal property. All distinctions between the persons who take as heirs at law or next of kin are abolished and the descent of real property and the distribution of personal property shall be governed by this article except as otherwise specifically provided by law. Whenever in any statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to mean and include the persons entitled to take as provided by this article."

It will be noted that the section contains four sentences. The first abolishes all existing modes, rules and canons of descent. That sentence does not touch the immediate question here, though it can be said to be a clear break with the past in the field of descent. The second establishes the rule for determination of degrees of relationship. That does not touch the question here but it should be noticed that the sentence uses the phrase " distributees of real and personal property." This is evidently used in an intentional contradistinction to the descriptive phrases " heirs at law " and " next of kin." The third sentence abolishes what had theretofore been distinctions of persons classified respectively as " heirs at law " or " next of kin." The same sentence provides that descent and distribution shall be governed exclusively by the article in which the section 81 is found. This sentence does not aid in the decision of the problem.

For convenience of treatment the fourth and final sentence of the section is quoted a second time: " Whenever in any statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to mean and include the persons entitled to take as provided by this article." This sentence declares that the words " heirs," " heirs at law," " next of kin " and " distributees " are now synonymous for the purpose of statutory construction. The rule of construction therein declared, plus the use of the phrase " distributees of real and personal property " in the second sentence of section 81, warrants and requires the holding that the effect of section 81 is to substitute the word " distributees " as the correct word of art to be employed in lieu of the words " heirs," " heirs at law " and " next of kin " which theretofore had separate significance. Here it should be noted that under section 83 of the Decedent Estate Law a spouse is a distributee.

The note of the Commission appended to the new section makes no special commentary which is particularly pertinent to the problem here. Neither do the reports of the Commission contain any commentary which is of aid. The distinguished chairman of the Commission to Investigate Defects in the Law of Estates (Mr. Surrogate FOLEY) authorizes the statement that the Commission intended what the language of the section apparently has accomplished, to wit, the substitution for the groups theretofore defined as " heirs," " heirs at law " or " next of kin " of a group thenceforth to be defined as " distributees " and constituted of the persons who, after the effective date of the new legislation, were by the terms of article 3 of the Decedent Estate Law entitled to take intestate property by descent and distribution. The effect of this substitution of terms is of course to give a broader status to a spouse.

That result is wholly consistent with the declared purpose of the Commission. The legislation proposed by the Commission has as a major purpose the correction of abuses which had diminished the interest of spouses in estates. The legislation sought to assure to them a fair participation. It would be contradictory of the general program of the Commission to deny to the broad language of the fourth sentence of section 81 of the Decedent Estate Law that meaning which alone is consonant with its purposes. That sentence abolishes the theretofore existent rule that spouses were not to be deemed next of kin or heirs at law.

The subject was given consideration by the Supreme Court in *Trowbridge* v. *Donahue* (N. Y. L. J. July 17, 1935, p. 168) and in *Matter of Osborn* (Id. Dec. 6, 1932, p. 2600). In the case first referred to the decision seems to have been based solely on the text of the particular will. In the case second referred to the court below took the view that a spouse had become an heir at law. The question of substantive right was expressly left open by the Appellate Division (240 App. Div. 705), which affirmed the order of the court below solely on the ground that the spouse was at least entitled to remain in the proceeding as a party to it. No appellate court appears to have considered the substantive rights of a spouse under this change in the statute.

Notice should be taken of the fact that the last quoted sentence of section 81 of the Decedent Estate Law establishes a rule of statutory construction. There still may remain instances where the words used by a testator must be given a meaning singular to the particular will. There is no doubt that a testator might use the term " next of kin " in his testament so as to require a holding that only the group fitting such description prior to September 1, 1930, would be entitled to take. In general, however, it must be supposed that each testator who uses the words " heirs " or " heirs at law " or " next of kin " intends the meaning which the statute gives to such words. In this will there is no indication of any special use of the words " heirs or next of kin " and so the statutory definition must be adopted which was in vogue at the time when ascertainment of the persons answering the description became necessary.

For the reasons stated, the court holds that because of the change effected by the new section 81 of the Decedent Estate Law the widow of the deceased income beneficiary is entitled to participate in the distribution directed to follow his death.

Submit, on notice, decree construing the will and settling the account accordingly.