In the Matter of the Estate of KONRAD SCHNEE, Deceased.

Surrogate's Court, New York County, November 5, 1938.

*David Pontak*, for the executor, petitioner.

*Carlos A. Hepp*, attorney in fact.

DELEHANTY, S. Deceased disposed of his estate as follows:

" After my lawful debts are paid, I give, devise and bequeath all my property and estate as well real as personal and wheresoever situated, which at the time of my death shall belong to me or shall be subject to my disposal by will to my three (3) brothers and two (2) sisters or their heirs at law.

To wit: Martin Schnee in Mariazell, Wurtemberg, Germany
Joseph Schnee in Mariazell, Wurtemburg, Germany
Johannes Schnee in Mariazell, Wurtemburg, Germany
Magdalene Schnee in Mariazell, Wurtemburg, Germany
Katharina Schnee in Mariazell, Wurtemburg, Germany

"All of the above named to take share and share alike, that is to say each of them shall receive 20 per centum of my estate."

All of the brothers and sisters mentioned in the will predeceased the testator, leaving children. The widow of one brother also survives.

Two questions are presented for determination. The first is whether the words " or their heirs " are words of limitation or of substitution. The other is whether the widow of one of the brothers comes within the description of heirs.

If the phrase " heirs at law " is one of limitation, then the children of the deceased brothers and sisters will take under the provisions of section 29 of the Decedent Estate Law to the exclusion of the widow, and the second question need not be determined. It is clear that the words are words of substitution (*Matter of Evans*, 234 N. Y. 42) and that the heirs take by purchase from the testator. This conclusion requires determination of the status of the widow of a brother of deceased.

Deceased died August 31, 1937, having executed his will on May 27, 1937. At that time a widow of a decedent was one of his statutory distributees. The Legislature had enacted in 1930 a whole series of statutes designed to give to surviving spouses more assurance of property rights in estates than had theretofore been granted. The question here presented is a question of will construction. What did this deceased mean by the phrase in his will " their heirs at law? " The standard by which that question is to be answered has been prescribed by the Court of Appeals in *New York Life Insurance & Trust Co.* v. *Winthrop* (237 N. Y. 93). In that case CARDOZO, J., examined the authorities both in England and in this country. He pointed out the extent to which the courts had been troubled by refinements of meaning in phrases relating to heirs and next of kin. He pointed out that controversies over distributions *per capita* and *per stirpes* had troubled the courts and that in this State the Court of Appeals had followed the *per capita* rule in instances where its judgment would have been to the contrary except what has been regarded as controlling authority. He then passed to the discussion of the meaning of the terms " heirs " and " next of kin " and developed the difficulties that had arisen in England in connection with discriminations made by the English courts in an effort to avoid injustices arising from a rule originally

established by those courts. He then said in behalf of the court that in this State the English rule has been at least in part repudiated. Then he continued (p. 108): " We have made this breach at least in the English definition. Having gone so far, we are not to stop half-way. When once we reach the point of fitting the definition of the class to the definition of the statute, there is little left of the distinction between a gift to ' next of kin ' and one to ' legal next of kin ' or ' next of kin under the law.' If one form of gift imports a description of the interests as well as a description of the persons, so also do the others. *The rule thus emerges that in the absence of clear tokens of a contrary intention, the statute is to be taken as the standard of division* (*Allen* v. *Boardman*, 193 Mass. 284). *The acceptance of this formula supplies a test of simple application.* A testator is still free, if he pleases, to direct division upon other lines. Often it will happen that he has no intention one way or the other. At such times, a division according to the statute is more likely than any other to correspond with what he would have wished if the subject were one that he had thought about at all. ' The statute of distribution governs in all cases where there is no · will, and where there is one, and the testator's intention is in doubt, the statute is a safe guide ' (*Lyon* v. *Acker*, 33 Conn. 222, 223)." (Italics supplied.)

Thus the rule which controls the construction of the term employed by this testator is that the statutory distributees of this testator's brothers and sisters are the persons meant by the testator when he referred to " their heirs at law."

*Matter of Waring* (275 N. Y. 6) is not to the contrary. There the will under consideration was dated in 1899 and became effective in 1907. The law applicable was that of 1907. Here the will was executed in 1937 and became effective in the same year. The testator whose will is here under consideration must be deemed to have intended to describe the persons who under the law as it existed in 1937 were the statutory distributees of his first named beneficiaries. The effective date of the gift is here the date of death of deceased. The general rule is that the statute of distribution effective at the date when distribution is to be made determines the persons who are to take. (*Matter of Canfield*, 136 Misc. 551; affd., 231 App. Div. 708; affd., 256 N. Y. 610.) Under the rule laid down in *New York Life Insurance & Trust Co.* v. *Winthrop* (*supra*) the court holds that the widow is a distributee and thus an " heir at law " and one of the persons entitled to take under this will. This conclusion is in accord with the rule of construction adopted by the Court of Appeals in *Matter of Chalmers* (264 N. Y. 239) where LEHMAN, J., referring to the *Winthrop* case (*supra*), said:

" The testator in using the terms ' heirs at law ' and ' next of kin ' intended to describe the persons who would take real or personal property in accordance with the provisions of the Decedent Estate Law."

Submit, on notice, decree construing the will and settling the account accordingly.